## THOMAS *v.* THOMAS.

HOMESTEADS—CONTEST—DIVORCE—SIX MONTHS—RESIDENCE.    Residence is largely a question of intent. A contest by a divorced wife against her absent husband's homestead entry should be treated as between parties who were never married.

*Commissioner McFarland to Register and Receiver, Salina, Kansas, March 7, 1883.*

The case of Thomas *v.* Thomas involves H. E. No. 20,199 in the name of Wm. R. Thomas, and is before me on appeal from your decision adverse to the contestant.

It appears that the contestant, who was the wife of claimant, obtained a divorce from him, the decree being dated March 18, 1882.    It was conclusively shown that W. R. Thomas abandoned the tract and his family in the spring of 1880, and at the date of the hearing—June 5, 1882—had not returned thereto.    You, however, decide against the contestant, for the reason that at the time of complaint, six months had not elapsed subsequent to the date of the decree of divorce.    This apparently proceeds on the assumption that the prolonged absence from his land of a homestead claimant is not cause for cancellation, if his family continues to reside on the same.    I do not consider this assumption well founded.    The question of residence is one largely depending on the *intent* of the party.    While, therefore, the residence of one's family may ordinarily be considered *prima facie* the residence of himself, in this case the absence of the claimant appears to have been intentional and willful; so much so, that, as before stated, the local Courts have granted a divorce to his wife.

This seems to me to be good cause for the cancellation of his entry.    Contests by a wife against her husband have been discountenanced on sound principles of public policy, in har-

mony with the general system of practice in the Courts; but in this case the marriage relation has ceased to exist, and the parties have the same legal relations to each other as if it never had existed. I think, therefore, that there is no good reason why the contest of Mrs. Thomas should not be entertained. And in view of the foregoing, I am constrained to reverse your decision, and adjudge the entry forfeited.